# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| WESLEY MILLER, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>NANCY BERRYHILL, ACTING )<br>COMMISSIONER OF SOCIAL )<br>SECURITY ADMINISTRATION, )<br>)<br>    Defendant. ) | Case No. 3:17-cv-01439<br>Judge Aleta A. Trauger |

## MEMORANDUM & ORDER

Before the court is the plaintiff's Motion for Attorney Fees and Costs under the Equal Access to Justice Act (Doc. No. 37), seeking an award of attorney's fees in the amount of $12,864, representing 64 hours of attorney work at $201.00 per hour. In her Response (Doc. No. 38), the Commissioner does not oppose the request for fees or the hourly rate sought by plaintiff's counsel, but she insists that the amount sought is unreasonable and should be reduced to no more than $7,500. (Doc. No. 38, at 1, 4.) In Reply, plaintiff's counsel maintains that the 64 hours he devoted to this matter is reasonable under all the circumstances. He also seeks an additional $864.30 to compensate him for 4.3 of the 8.6 hours spent preparing his Reply to the government's Response, for a total fee in the amount of $13,728. (Doc. No. 39, at 8.)

For the reasons set forth herein, the court will grant the motion and award fees in the amount requested in the motion itself, $12,864.

## I. Procedural Background

The plaintiff filed this action under to 42 U.S.C. § 405(g), seeking judicial review of the

final decision of the Commissioner of the Social Security Administration denying his application for Disability Insurance Benefits under Title II of the Social Security Act. The matter was referred to the magistrate judge to issue a Report and Recommendation ("R&R") as to the disposition of the case. The government answered the Complaint and filed the 947-page Administrative Record. (Doc. No. 11.) The plaintiff, after several requests for extension of the deadline as well as a Motion for Leave to File Excess Pages, filed his Motion for Judgment on the Administrative Record and a 48-page supporting brief. (Doc. Nos. 17, 17-2.)

The magistrate judge summarized the plaintiff's assertions of error as follows:

> (1) that the ALJ failed to properly weigh the opinions provided by various providers and non-examining consultants; (2) that the ALJ erred in finding that Plaintiff can perform past relevant work and other jobs in the national economy; and (3) that the ALJ failed to properly consider witness testimony.

(Doc. No. 22, at 3.) The magistrate judge rejected each of the plaintiff's contentions of error and found that the Commissioner's determination that the plaintiff was not disabled was supported by substantial evidence in the record. He therefore recommended that the plaintiff's Motion for Judgment on the Administrative Record be denied and that the Commissioner's decision be affirmed. (Doc. No. 22.)

The plaintiff filed detailed Objections to the R&R. (Doc. No. 26.) In light of those Objections, this court, in a lengthy Memorandum, found that the Commissioner's decision was not supported by substantial evidence. The court rejected the R&R, granted the plaintiff's Motion for Judgment on the Administrative Record, and remanded the case to the Commissioner for the purpose of appropriately weighing the evidence in the record. (Doc. No. 34.)

## II. The Motion for Attorney Fees

The plaintiff thereafter filed his timely and well support Motion for Attorney Fees, seeking to recover fees in the amount of $12,864, representing 64 hours of attorney work at the

rate of $201.00 per hour. In the motion, the plaintiff specifically states that (1) he is an eligible party under 28 U.S.C. § 2421(d)(2)(B); (2) he is a prevailing party; (3) the Commissioner's position was not substantially justified; (4) no special circumstances make the award unjust, *id.* § 2421(d)(1)(A); and (5) he seeks fees at a reasonable rate for a reasonable expenditure of time, *id.* § 2421(d)(2)(A). Counsel avers that has practiced law since 1981 and has represented over 1,600 Social Security claimants over the course of more than 37 years. (Doc. No. 37-2, at 1.) He specifically attests that he did not include in his fee request compensation for time spent by his paralegal on the case or for his own time in conducting "routine administrative tasks such as requesting additional time to meet a filing deadline, responding to Defendant's request for additional time to meet a filing deadline, keeping [his] client apprised of the status of the case via email, receiving and reviewing orders of the court regarding filing deadlines, etc." (*Id.* at 3.)

The Commissioner does not oppose the plaintiff's request for attorney's fees under the EAJA or the hourly rate at which fees are sought. She contests only the number of hours worked for which the attorney seeks compensation, arguing that the amount of time spent on the case was not reasonable. The Commissioner posits that "[m]ost requests for fees are broadly within the 20–30 hour range" and that fee awards in Social Security cases in this district typically fall with this range. (Doc. No. 38, at 2.) She acknowledges that "[m]ore complicated cases can result in a higher fee award" (*id.*) but maintains that approximately 37 hours is reasonable in light of the facts of this case, which, multiplied by the plaintiff's counsel's requested hourly rate of $201, would yield a fee award of $7,500 (*id.* at 4).

In Reply, the plaintiff argues that (1) this case was very complicated; (2) the Administrative Record is nearly 1000 pages in length; (3) counsel obtained permission to file a brief well outside the court's normal page limitation, and the plaintiff's initial brief was very

lengthy and detailed; (4) counsel was required to file Objections to the R&R; (5) "counsel spent the time necessary to adequately and comprehensively brief a complicated case with a large transcript," and the number of hours spent was reasonable in this case (Doc. No. 39, at 8); and (6) numerous recent cases within this district and elsewhere have found reasonable the hours spent and fees well in excess of those sought here, in cases with less complicated records that did not also require objections to an R&R.

### III. Analysis

#### A. The EAJA Requirements

To recover attorney's fees under the EAJA, a plaintiff in a Social Security case must show that: (1) he is a "prevailing party"; (2) the government's opposing position was without substantial justification; and (3) no special circumstances warrant denying relief. *DeLong v. Comm'r of Soc. Sec. Admin.*, 748 F.3d 723, 725 (6th Cir. 2014); 28 U.S.C. § 2412(d)(1)(A). A district court has broad discretion in determining whether fees should be awarded under the EAJA. *Id.* Once a court makes the threshold determination that a party is eligible for EAJA fees, it looks to the lodestar amount as a starting point for calculating a reasonable fee award. *Minor v. Comm'r of Soc. Sec.*, 826 F.3d 878, 881 (6th Cir. 2016).

The Commissioner does not contest the plaintiff's eligibility for an EAJA fee award— "meaning there is no dispute that [Miller] was the prevailing party or that the government's litigating position lacked substantial justification." *Id.* Instead, she contends only that the amount of fees sought by the plaintiff is unreasonable.

#### B. Lodestar Calculation

The lodestar amount is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983);

*Gisbrecht v. Barnhart*, 535 U.S. 789, 801–02 (2002).

### 1.     *Reasonable Hourly Rate*

Under the EAJA, effective March 29, 1996, "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor . . . justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). The plaintiff here seeks to adjust the rate based on an increase in the cost of living. In requesting an increase in the hourly-fee rate based on an increase in the cost of living, "Plaintiffs bear the burden of producing appropriate evidence to support the requested increase." *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 450 (6th Cir. 2009). The Sixth Circuit "has stressed that . . . the [EAJA's] statutory rate is a ceiling and not a floor" and that "the district courts [should] carefully consider, rather than rubber stamp, requests for adjusted fee awards based on inflation." *Begley v. Sec'y of Health & Human Servs.*, 966 F.2d 196, 200 (6th Cir. 1992).

In support of his request for an hourly rate of $201, plaintiff's counsel argues that courts in this district have routinely approved cost-of-living increases to the statutory rate over the last several years. He also argues that, because the Social Security Act makes it a federal crime to charge or collect a non-contingent fee from a Social Security disability plaintiff, 42 U.S.C. § 406(b), "there is no prevailing market rate for the precise kind and quality of legal services provided in . . . Social Security disability litigation." (Doc. No. 37, at 8.) He further points out that, in March 1996 when the statutory rate of $125 per hour was established by Congress, the Bureau of Labor Statistics' Urban Consumer Price Index ("CPI-U") was 155.7 and the CPI-U in April 2018 (chosen because almost all work was done in or after April 2018) was 250.546. (Doc. No. 37-1, at 6-7.) That is, the cost of living increased from March 1996 to April 2018 by a multiplier of 1.609 (250.546/155.7). (*Id.* at 7.) On this basis, the plaintiff contends that the

appropriate hourly rate for April 2018 is $201 ($125.00 x 1.609). (*Id.*) He requests that attorney's fees be calculated based on this rate. The plaintiff's attorney also attests that he has been a practicing attorney for over 37 years and has represented over 1,600 Social Security disability claimants. (Doc. No. 37-2, at 1–2.)

The defendant does not dispute the reasonableness of an hourly rate of $201, and the requested rate is not inconsistent with the rate awarded to other attorneys in Social Security cases in this circuit. *See Agee v. Berryhill*, No. 3:12-cv-00958, 2017 WL 3888353, at *5 (M.D. Tenn. Sept. 5, 2017) (Trauger, J.) (collecting cases). The court finds that the increase in the cost of living from March 1996 to April 2018 justifies an hourly rate of $201.

### 2. *Reasonable Number of Hours Expended on the Litigation*

"The party seeking an award of attorney fees has the burden of demonstrating the reasonableness of hours by providing a detailed documentation of the hours, and the opposing party has the burden of providing evidence against this reasonableness." *French v. Colvin*, No. 3:14-CV-138-PLR-HBG, 2015 WL 4496184, at *3 (E.D. Tenn. July 20, 2015) (citing *Blum v. Stenson*, 465 U.S. 886, 897 (1984)). "Courts are obligated to prune unnecessary hours from fee petitions because '[c]ourts are not authorized to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded.'" *Conley ex rel. N.C. v. Comm'r of Soc. Sec.*, No. 1:12-cv-01367, 2013 WL 3280315, at *4 (N.D. Ohio June 27, 2013) (quoting *ACLU v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999)). In addition, "Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary. . . ." *Hensley*, 461 U.S. at 434.

"The EAJA does not limit the amount of attorney's hours and only requires the attorney

to submit all hours in an itemized statement." *Brusch v. Colvin*, No. 15-13972, 2017 WL 1279228, at *2 (E.D. Mich. April 6, 2017) (citing 28 U.S.C. § 2412(d)(1)(B)). While the Sixth Circuit has observed that it is "likely correct that twenty to thirty hours may well be the norm for attorneys to handle most" Social Security cases, "[t]he relevant question . . . is not what is required in *most* social security cases, but what did *this* case require." *Glass v. Sec'y of Health & Human Servs.*, 822 F.2d 19, 20 (6th Cir. 1987). The court should not "blindly accept counsel's assertion that a certain number of hours were spent working on a particular case," but, if it rejects hours sought by plaintiff's counsel as unreasonable, the court "must identify the hours rejected and specify with particularity the reasons for their rejection." *Id.* (applying this standard in the context of a fee request under 28 U.S.C. § 406(a)).

The Commissioner does not object to any particular hours expended by plaintiff's counsel as unreasonable other than by asserting that "most" fee requests in this type of case are in the range of 20–30 hours, with 40 hours "topping out the high end of what has been described as an average range." (Doc. No. 38, at 3 (citations omitted).) The Commissioner acknowledges that the facts of this case could warrant a fee "above the standard range of 15–20 hours," but maintains that 37 hours is reasonable. (*Id.* at 3–4.) The plaintiff, on the other hand, points to numerous cases awarding fees in Social Security cases within the Sixth Circuit and within this district (and by this court) well in excess of those sought here.

The court finds that the plaintiff has provided sufficient evidence in support of the reasonableness of the number of hours expended in this case. Counsel submitted detailed billing records. The case was not straightforward and presented numerous interrelated issues. The Administrative Record was close to 1000 pages long. Counsel spent 32.7 hours on the plaintiff's initial brief, which was 48 pages long. Counsel also filed a Reply brief on which he spent 5.1

hours. He spent another 18.1 hours preparing the Objections to the R&R, and 2.5 hours in preparing his fee application. The total number of hours for which he seeks compensation in his initial application is 64. Plaintiff's counsel, in accordance with *Hensley*, voluntarily omitted from his billing calculation those hours spent on routine administrative matters and the time expended by his legal assistant. The Commissioner does not contend that any of the plaintiff's arguments were frivolous or unnecessary and does not point to any particular hours that should be cut. Instead, she simply argues as a general matter that the number of hours spent on this matter is unreasonable. In light of the complexity of the case, the court finds that the 64 hours expended by plaintiff's counsel is reasonable.

The plaintiff also seeks to recover additional fees associated with the time counsel spent preparing the Reply brief in support of his fee application. Specifically, he seeks to add an additional 4.3 hours to his fee request, which he represents is half the amount of time counsel actually spent in preparing the Reply.

The Supreme Court has expressly held that the cost of litigating fee disputes is recoverable by the prevailing party, even if the government's opposition to the fee request is substantially justified. *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 164–65 (1990); *see also Agee*, 2017 WL 3888353, at *7 ("As to the time spent on the fee petition, '[a] court may compensate a claimant for the value of attorney services rendered in defending the propriety of an EAJA award, including a reply brief . . . .'" (quoting *Gunther v. Comm'r of Soc. Sec.*, 943 F. Supp. 2d 797, 806 (N.D. Ohio 2013))).

The court will permit the recovery of a fee for the hours spent preparing the initial Motion for Attorney Fees, which is uncontested. The court further finds, however, that the request for fees associated with the preparation of the Reply is not adequately supported. The

plaintiff did not actually amend his Motion for Attorney Fees to include that amount, and he did not submit either billing records or an affidavit to establish as a factual matter his request for fees associated with the preparation of the Reply. The court will therefore grant the request for fees as originally sought but will not award fees for the time spent on the plaintiff's Reply.

**IV.     Conclusion and Order**

For the reasons set forth above, the plaintiff's Motion for Attorney Fees and Costs under the Equal Access to Justice Act, (Doc. No. 37), seeking an award of attorney's fees in the amount of $12,864, representing 64 hours of attorney work at $201.00 per hour, is **GRANTED**. The court **DECLINES** to award the additional fees requested in the plaintiff's Reply brief (Doc. No. 39).

It is so **ORDERED**.

_____
ALETA A. TRAUGER
United States District Judge